In re SCHMIDT'S Estate.   BRENSINGER, Respondent, *v.* HOME MISSION SOCIETY OF GERMAN LUTHERAN CHURCH, Appellant.

[Submitted May 28, 1894.   Decided November 19, 1894.]

Wills—*Void bequest—Objection by residuary legatee.*—It is no ground to attack a will, otherwise valid, because it contains one void item, easily separable from the rest of the will. And a residuary legatee who objects to such void item or bequest, and simply asks the court to hold that it is void, as the law declares it shall be, does not thereby preclude himself from claiming under the will.

*Appeal from First Judicial District, Lewis and Clarke County.*

PETITION for the disallowance of a bequest.   Judgment was rendered for the petitioner below by BUCK, J.   Affirmed.

Statement of the case by the justice delivering the opinion:

This is an appeal by the Home Mission Society of the German Lutheran Church from the judgment of the district court, which declares void a bequest attempted to be made to appellant by the last will and testament of Charlotte Schmidt, deceased.   Less than thirty days before her death Charlotte Schmidt executed a will, by which she gave a few small legacies, and devised and bequeathed the whole residue of her estate to her son, the respondent herein.   One of the legacies so named was for the sum of five hundred dollars to this appellant.   On February 20, 1893, the executors rendered a final account, showing that they had in their hands five hundred dollars applicable to the payment of said legacy to the Home Mission Society.   The respondent here, the residuary legatee, protested against the payment of said legacy, upon the ground that the same is void under the provisions of section 473 of the Probate Practice Act.   That section is as follows: "No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any

person or persons in trust for charitable uses, except the same be done by will, duly executed at least thirty days before the decease of the testator; and if so made at least thirty days prior to such death, such devise or legacy, and each of them shall be valid: *Provided*, that no such devises or bequest shall collectively exceed one-third of the estate of the testator leaving legal heirs, and in such case a *pro rata* deduction from such devises or bequests shall be made so as to reduce the aggregate thereof to one-third of such estate; and all dispositions of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law." In the answer filed by the society some attempt was made to claim that the society was not a charitable or benevolent society, as contemplated by the statute, but that position is abandoned by counsel on this argument, and it is conceded by both sides that the bequest is void under the statute. But the society, in their answer, claim that Brensinger, the residuary legatee, could not be heard to object to the legacy, because he had not contested the will within a year after it was probated (Probate Practice Act, § 30, et seq.), and that he could not claim under the will and also object to one provision thereof. A demurrer to the answer of the society was sustained in the district court; hence this appeal.

*T. E. Crutcher*, for Appellant.

The petition to have this provision of the will declared void was filed over five years after probate of the will. But the right of a residuary legatee to come into court and ask to have any provision of the will declared void must be asserted within one year after probate of the will, or he is barred. (Comp. Stats., div. 2, §§ 30, 36, 520; *State* v. *McGlynn*, 20 Cal. 234; 81 Am. Dec. 118.) And the decree of a court of probate establishing a will is conclusive upon the heirs of the devisor until disaffirmed on appeal or set aside in due course of law. (*Judson* v. *Lake*, 3 Day, 318; *Cassels* v. *Vernon*, 5 Mason, 334; *Tompkins* v. *Tompkins*, 1 Story, 552; *Patten* v. *Tallman*, 27 Me. 17; *Holliday* v. *Word*, 19 Pa. St. 489; 57 Am. Dec. 671.) If the one year statute of limitations be inapplicable to this provision of the will, then it must be regarded

as an action for relief, to be commenced within three years after the cause of action accrued. (Comp. Stats., div. 1, § 47.) A person cannot accept and reject the same instrument. (*Morrison* v. *Bowman*, 29 Cal. 348.) And one claiming under a will must accept its provisions as a whole or not at all. (*Woolley* v. *Schrader*, 116 Ill. 29; *Ditch* v. *Sennott*, 117 Ill. 362; *Schley* v. *Collis*, 47 Fed. Rep. 251; *Hainer* v. *Iowa Legion of Honor*, 78 Iowa, 245; *Eichelberger's Estate*, 135 Pa. St. 160; *Van Zant* v. *Bigham*, 76 Ga. 759; *Taliaferro* v. *Day*, 82 Va. 79.) The word "void" as used in the statute (Comp. Stats., div. 2, § 473), means "voidable," at the election of the party interested. (*Pearsall* v. *Chapin*, 44 Pa. St. 13; *Van Schaack* v. *Robbins*, 36 Iowa, 201; *Somes* v. *Brewer*, 2 Pick. 184; 13 Am. Dec. 406; *Kearney* v. *Vaughan*, 50 Mo. 287; *Crocker* v. *Bellangee*, 6 Wis. 645; *Breckenridge* v. *Ormsby*, 1 J. J. Marsh. 236; 19 Am. Dec. 71; *Seyler* v. *Carson*, 69 Pa. St. 81; *Camberford* v. *Hall*, 3 McCord, 345.)

*Wade and Barrows*, for Respondent.

I. The appellant, the Home Mission Society of the German Lutheran Church, is a charitable or benevolent society, or corporation, and the bequest thereto is rendered void by the provisions of section 473 of the second division of the Compiled Statutes, thirty days not having elapsed between the making of the will and the death of the testatrix. (*Bartlet* v. *King*, 12 Mass. 536; 7 Am. Dec. 99; *Jones* v. *Habersham*, 107 U. S. 174; *Beatty* v. *Kurtz*, 2 Pet. 566; *Going* v. *Emery*, 16 Pet. 107; 26 Am. Dec. 645; *Sohier* v. *St. Peter's Church*, 12 Met. 250; *Cumming* v. *Reid Mem. Church*, 64 Ga. 105; *Brown* v. *Kelsey*, 2 Cush. 243; *Earle* v. *Wood*, 8 Cush. 443; *Fairbanks* v. *Lamson*, 99 Mass. 533; *Hinckley* v. *Thatcher*, 139 Mass. 477; 52 Am. Rep. 719; 3 Am. & Eng. Ency. of Law, 130, 131.)

II. Sections 30 to 36 of the second division of the Compiled Statutes, which relate to contesting the probate, or the validity of a will, does not apply to this case. Objecting to the payment of a bequest, which payment the statute forbids, is not contesting the validity of the will. The statute (Comp. Stats.,

§§ 489, 490) gives to the residuary legatee all of the estate not effectually devised or bequeathed by the will. Under this statute any bequest, void or forbidden, for any reason, falls to the residuary legatee. (Gray's Probate Law, § 643; and see *Ruth* v. *Oberbrunner*, 40 Wis. 238; *Heiss* v. *Murphy*, 40 Wis. 276.) The bequest being void the property attempted to be bequeathed passes to the residuary legatee. (*Cox* v. *Harris*, 17 Md. 24; *Helms* v. *Franciscus*, 2 Bland, 544; 20 Am. Dec. 402; Schouler on Wills, §§ 27, 515; 2 Redfield on Wills, 126; 13 Am. & Eng. Ency. of Law, 39; Comp. Stats., div. 2, § 473.) Nor was the respondent too late in making his demand that this bequest be declared void. It was the proper time to object to the payment of said bequest when the executors had made their final report, and before the day set for the hearing, and not until the filing of said report was the respondent informed that the executors proposed to pay over a void and unlawful bequest to this Home Mission Society.

DE WITT, J.—There was no reason why Brensinger, the residuary legatee under the will, should object to the probate thereof. The will was in his favor, and he took the whole estate after the payment of the few small legacies. No objection to the will as a whole appears, or has ever been suggested. It is true that it did contain one item which was void under the statute (Probate Practice Act, § 473). The bequest to the Home Mission Society was made less than thirty days before the death of the testator, and was absolutely void. The amount of this bequest went, under the statute, to the residuary legatee, Brensinger. Nothing that Brensinger could do or leave undone could give life to the bequest, which was void *ab initio*. Because the will contained one such void item, easily separable from the rest of the will, was not ground to attack a will which was otherwise valid. The only void item simply disappeared from the will as a bequest, and fell into the residue of the estate, as the statute requires.

Appellant's claim that Brensinger is attacking the will and claiming under it at the same time is wholly untenable. It is true that he does claim under the will, and it is also true that he does not attack it. He simply asks that the court obey the

statute, and hold that the one bequest is void, as the law declares it shall be.

The judgment of the district court is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HARWOOD, J., concur.