[Civil No. 2967.  Filed March 2, 1931.]

[296 Pac. 267.]

In the Matter of the Estate of MARY C. HARRIS, Deceased. BELLE WINNINGHAM, KALETA NOBLE and MURL NOBLE, a Minor, by KALETA NOBLE, Next Friend, Appellants, v. J. I. NEEDHAM, G. W. NEEDHAM, R. Y. NEEDHAM, WALTER NEEDHAM, OSCAR NEEDHAM, MATTIE MALONE, CLARA HALBROOK, MRS. ELIZA HAMILTON, MISS RUBY HAMILTON, MRS. LILLIE CHATHAM, MRS. E. C. WILSON, MRS. LUTHER EARL, MRS. PAULINE APPERSON, MRS. GEORGE D. MASCHO, MR. C. G. NEEDHAM, MR. J. I. NEEDHAM, MR. A. J. NEEDHAM, MRS. BEN RICHARDS, MRS. ALONZO LEWALLEN: All Heirs of DAVID NEEDHAM, Deceased; All Heirs of ALFRED NEEDHAM, Deceased; All Heirs of JOHN NEEDHAM, Deceased; All Heirs of MARY C. HARRIS, Deceased, Except Appellants; and Z. O. BROWN, Administrator, Appellees.

Messrs. Favour & Baker, for Appellants.

Messrs. Cornick & Crable, for Appellees.

LOCKWOOD, J.—This is an appeal from an order denying the admission to probate of an alleged holographic will. The facts in the case are not in dispute, and may be briefly stated as follows:

Mary C. Harris, hereinafter called decedent, died in Prescott, Arizona, November 10, 1929. Her husband, John Harris, predeceased her about a week. Mrs. Harris left surviving her as heirs a number

of brothers and sisters of the half and whole blood, and several nephews and nieces, the children of two deceased brothers. A petition for probate of the document in question was filed by Belle Winningham, a sister of decedent, and the petition was duly set for hearing. Before the date of the hearing there were filed certain objections by heirs to the probate of the will. These objections state that they are made on behalf of all the heirs except Belle Winningham, but Kaleta Noble, who is one of the heirs, and Murl Noble, her daughter, hereinafter called appellants, have since denied that they knew anything about the objections, and alleged that they gave no authority for the filing thereof so far as they were concerned.

The testimony taken at the hearing establishes beyond a doubt that the instrument in question was in the handwriting of the decedent, but the court made an order denying admission of the instrument to probate as a will on the ground, as stated in the order appointing an administrator, "because the intent of said decedent as expressed in such will is deemed so vague and indefinite that the terms thereof are impossible of performance."

The first question we have to consider is whether or not appellants are in a position to maintain this appeal. It is urged by appellee that, since they objected to the probate of the will, and since the objection was sustained, they cannot now appeal from a judgment in their favor. The sufficient answer thereto is that appellants deny they had ever given authority to anyone to file objections on their behalf, and repudiate such objections, and there is nothing in the record which shows that such authority ever did exist.

The next objection is that Murl Noble, who is admitted to be a minor child, may not appear through a next friend, as she does in this appeal, but under

the Arizona statutes should appear through either a general guardian or guardian *ad litem*. This is at most a mere irregularity, not going to the jurisdiction of the court, and in section 3734, Revised Code of 1928, it is provided:

"Whenever it shall appear to any court in any action or proceeding before such court, that the interests of a minor are involved, and that said minor has not appeared therein by a guardian, the court shall forthwith appoint a suitable person to act as guardian *ad litem* for such minor to protect the interests of such minor in such action or proceeding."

Following such statute, this court has appointed Kaleta Noble, the mother of the minor child, guardian *ad litem* for the purposes of these proceedings. We hold, therefore, that appellants have the right to bring this matter before us for review.

The next and vital point in the case is whether or not the instrument in question is a legal will. That instrument reads as follows:

"John when I Die I want Belle to Have all my clothes if I Die first and some of my Bed clothes you Keep Enough for one Bed to Keep you Warm and I Want you to give Belle money to live on and my Fancy Work Pillow cases and Sheets theres no use you Keeping them all for some one Will tak them and you wont Know where they ever Went now you give Belle these things for they wont Do you any good I Know theres some folks that Would take them all you look out there or You Will Be Beat out of everything you Have got now Listen to What I Say to
Belle Winning                          Mary C. Harris
    Ham.
I Want Kaleta to Have some of my things and Some money for she Has Ben good to me and she will tak care of Everything my Fancy Work I Want Her to Have them and give Her some money and give Murl some money to educate Her self Dont give all to one Devide it You can give all my Brothers some money When you mak a will Have it done First good

Mak your Will to all you are going to ( ) anything say if any one claims to Be my Heir give them one Dollar and then they cant Break your Will.
John Read this
and Do What I say.''

Three objections are made thereto, the first that the instrument shows on its face there is no *animo testandi;* second, that as to the last half thereof it is invalid as an holographic will because the signature appears in the middle of the instrument, and third, the ground on which the court placed its denial to probate, that the instrument is so vague in its terms it is impossible to enforce it.

Taking up these objections in inverse order, we are of the opinion that the last objection is one which cannot be considered by a court on an application for probate if there is a single portion of the instrument which is certain in its character. *Estate of Tyrrell,* 17 Ariz. 418, 153 Pac. 767. It is evident upon a casual examination of the instrument that so far at least as the clothes of decedent, her bedclothes, and her fancy-work are concerned, it is specific and definite enough to be capable of enforcement. It may be that those particular articles are but of little monetary value; nevertheless they are subject to testamentary disposition. We are of the opinion that the court was not justified in denying the will to probate, because some, at least, of its terms might have been so indefinite they were impossible of performance.

Nor do we think the position of the signature invalidates the instrument. Had the language of our statute been ''subscribe,'' it might perhaps be argued plausibly that nothing following the signature could be considered a legal part of the instrument, but section 3637, Revised Code of 1928, uses the word ''signed,'' and it is the rule in Arizona that under such circumstances it is immaterial as to the posi-

tion in the document which the signature of the maker occupies. *Estate of Tyrrell, supra.*

We come, then, to the first and principal objection, which is that the instrument does not show *animo testandi,* but is in reality a mere request to decedent's husband that he shall make certain provisions in his will. It is, of course, the rule that wills, of all legal instruments, are construed liberally so as to give effect to the intention of the testator, and that no particular form is required therein so long as the statutory requisites have been complied with. And each case must rest on its own facts, since wills are almost invariably dissimilar in language. 28 R. C. L. 205, § 166. In this case it is undisputed that the document was entirely in the handwriting of decedent. The record shows that she had informed at least one person that she had made her will, and where she had placed it, and that the instrument was found in such place. We are of the opinion this shows clearly the *animo testandi.* Since, therefore, the instrument in question complied with all statutory requisites, since it was made with *animo testandi,* and since part, at least, is capable of being enforced, the learned trial court erred in denying it admission to probate. As to just how much effect, if any, can be given its terms beyond the items we have indicated, we need not determine in the present proceeding. That is a matter for the trial court at a subsequent time.

The order of the superior court of Yavapai county is reversed and the case remanded, with instructions to admit the document in question to probate as an holographic will of Mary C. Harris, deceased, and for such further proceedings as may not be inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.