[Civil No. 4073.    Filed July 3, 1939.].

[92 Pac. (2d) 335.]

In the Matter of the Estate of WILLIAM CARROLL MILLER, Deceased; ANDREA R. MILLER, Appellant, v. HENRY C. BEUMLER, Administrator of the Estate of WILLIAM CARROLL MILLER, Deceased, Appellee.

Mrs. Laura F. Gilmore, for Appellant.

Mr. Elmer Graham, for Appellee.

PER CURIAM.—This is an appeal from an order or decree denying a petition for the probate of a will, or paper offered as the will, of William Carroll Miller, deceased, and refusing to grant letters of administration with the will annexed to Andrea R. Miller, surviving widow. The paper so offered as a will is in words and figures as follows:

"Douglas, Arizona
"June 10, 1932.

"Special Claims Commission
"Washington, D. C.
"Gentlemen:
"This is to certify that I have a claim against the Republic of Mexico for damages done to me by them.
"That I have no other attorney for this claim but C. V. Manatt.
"That no one is to receive payment on this claim but ANDREA R. MILLER, my legal wife and my heirs, FRANK R. MILLER and HELEN R. MILLER.
"I make the foregoing statement as I find myself on my deathbed.
"W. C. MILLER

"Witnesses
"JOSEPHINE V. BURGNER
"HAROLD L. BURGNER, Gen. Agt.
"CAPITOL LIFE INSURANCE CO.
"Douglas, Arizona."

The petition was filed November 16, 1938. It shows all jurisdictional facts to be present and that the claim, referred to in the letter, against the Republic of Mexico had been allowed by the United States-Mexico Mixed Claims Commission for the sum of $6,160, and that $1,220.97 thereof had been paid to Henry C. Beumler as administrator of the estate of the deceased. The petitioner also asked that the letters of administration to Beumler be revoked and that he be required

to account to the court for any moneys he may have received.

■■ Beumler opposed the proceeding to probate the will, on the ground that the document offered as a will was not testamentary in character, and on the further ground that the petitioner was estopped from asking for letters because of laches. We do not think that either defense should have been entertained. Beumler is not a person authorized under the statute to contest the probation of the will. Section 3896, Rev. Code 1928. In other words, he was not a person "interested." *In re Biehn's Estate (Cook Bible School* v. *Collier),* 41 Ariz. 403, 18 Pac. (2d) 1112. No fact was pleaded to show or indicate that petitioner was estopped.

■ The evidence submitted upon the hearing of the petition was to the effect that petitioner sent for Beumler, who is an attorney, to write deceased's will but was advised by him that no will was necessary, whereupon the deceased dictated the instrument offered as his will to Josephine V. Burgner, who wrote it out and signed it as a witness. Its formal execution by deceased in the presence of witnesses, as provided by section 3637, Id., is not disputed. A will is defined by the Roman lawyers as "The legal declaration of a man's intentions, which he wills to be performed after his death." Alexander on Wills, vol. I, par. 22. *In re Harris' Estate (Winningham* v. *Needham),* 38 Ariz. 1, 296 Pac. 267, 269, it is said: ·

"It is, of course, the rule that wills, of all legal instruments, are construed liberally, so as to give effect to the intention of the testator, and that no particular form is required therein so long as the statutory requisites have been complied with. And each case must rest on its own facts, since wills are almost invariably dissimilar in language."

In 28 Ruling Case Law, 113, section 65, it is said:

"65. Will in Form of Letter. A letter written and signed by the author may serve as his last will where it contains testamentary language indicating that it was so intended. The letter may be in the form of one giving instructions to an attorney for the preparation of the will of the writer, and even a memorandum written and signed on the back of a business letter has been upheld as a will. But the letter should be testamentary in character, and it should appear that the writer had the *animus testandi.* Where the probate law requires that wills must be attested the absence of any attestation may be sufficient to prevent a letter being probated as a will.''

██ It is not necessary that the testator use the word "will" in his last testament. No particular words need be used, it being sufficient if it appears that the maker intended to dispose of his property after his death. *In re Button's Estate,* 209 Cal. 325, 287 Pac. 964; *Mitchell* v. *Donohue,* 100 Cal. 202, 34 Pac. 614, 38 Am. St. Rep. 279. In the instrument here offered as a will, the maker, on his deathbed, expressed the wish that the claim for damages against the Republic of Mexico, or whatever was realized thereon, should go to his wife and his two children, naming them, as his heirs. He not only gave his wishes testamentary form but complied with the statute by having two witnesses, in his presence and in the presence of each other, sign the paper. The evidence clearly and conclusively established the character of the instrument as testamentary and it was error not to probate it.

The case will have to be reversed and remanded for further action in accordance herewith.

██ Section 3952 of the Revised Code of 1928 provides the procedure to be followed after the will is approved and allowed. Such section reads:

"If, after granting letters of administration on the ground of intestacy, a will of the decedent is proved and allowed by the court, the letters of administration

shall be revoked, and the power of the administrator ceases, and he shall render an account of his administration within such time as the court shall direct. The executor or administrator with the will annexed is entitled to demand, sue for, recover and collect all the estate of the decedent remaining unadministered, and may prosecute to final judgment any action commenced by the administrator before the revocation of his letters of administration.''

The trial court in this proceeding approved the administrator's accounts and allowed the administrator certain fees and expenses, and also allowed out of the estate attorney's fees to Elmer Graham, a partner of the administrator in the practice of law. This is assigned as error. It seems too clear for question that in the proceeding to probate the will the accounting referred to in section 3952, *supra,* should not be had. It should have been made after the will was approved and the administrator with the will annexed appointed.

The order approving the accounts is vacated and set aside.

■ Of course any services rendered by the administrator and by the attorney, if they were rendered in good faith and for the benefit of the estate, should be paid out of the estate, but if they were incurred unnecessarily, as the record before us seems to indicate, then they should not be an expense against the estate.

The case is remanded with directions that further proceedings be had in accordance herewith.

ROSS, C. J., and LOCKWOOD and McALISTER, JJ., concur.