[Civil No. 4618.  Filed March 28, 1945.]

[157 Pac. (2d) 347.]

In the Matter of the Estate of Catherine Hesse, Deceased:

ELIZABETH McNUTT, Appellant, v. DANIEL J. GERCKE, Bishop of the Roman Catholic Church of the Diocese of Tucson, as Executor, and ROMAN CATHOLIC CHURCH OF THE DIOCESE OF TUCSON, a Corporation Sole, Appellees.

Messrs. Krucker, Fowler & Dodd, of Tucson, Arizona; Mr. Charles E. Taintor, of Los Angeles, California, for Appellant.

Messrs. O'Dowd & O'Dowd, and Mr. Clifford R. McFall, for Appellees.

UDALL, Superior Judge.—Catherine Hesse at her death on March 20, 1941, at the age of 76 years, left a will bearing date of April 25, 1939, and a codicil dated October 30, 1940. The codicil merely changed the amount of one specific bequest. These two documents were admitted to probate as her last will and testament on April 15, 1941. Shortly before a year expired Elizabeth McNutt, one of two sisters of decedent, instituted a contest alleging undue influence by persons unknown, and incapacity to make a will.

Upon plaintiff's (parties will be referred to as they were in the trial court) demand the will contest was tried before a jury, and upon the conclusion of plaintiff's case the court granted defendants' motion for an instructed verdict, finding the will to be valid. Thereupon the court entered judgment sustaining the will, from which judgment this appeal was taken.

Some procedural questions are raised: Paragraphs 8 and 9 of the petition to contest attack the validity of specific bequests to the Roman Catholic Church, which are contained in clauses 6, 7, and 8 of the will. The bulk of the estate is purportedly disposed of therein, one being the residuary clause which

is most bitterly attacked. The gist of this attack is that an invalid trust is attempted to be created; that there is no qualified trustee to take; that the beneficiary is not a corporation sole; that there is no separation of the legal and equitable title between purported trustee and beneficiary; that the purported trust violates the rule against perpetuities; that the *cy-pres* doctrine has no application; that a resulting trust is created in favor of petitioner. Then she alleges that if these provisions of the will are declared invalid that the property would then pass to petitioner and others under the law of descent and distribution as if the decedent had died intestate.

While the conclusion last stated is doubtless correct, the trial court refused to permit the reading of these paragraphs of her petition to contest, or the corresponding paragraphs of the answer, to the jury and also refused to permit the introduction of any evidence in support of these allegations. The reason given by the court for these rulings was that no question of fact was involved, that it was purely a question of law, and that furthermore none of these matters had to do with the legality or validity of the will; that in this will contest proceeding the court was not concerned with the interpretation or effect of specific provisions of the will. These rulings form the basis of two assignments of error.

Manifestly the ruling of the trial court was correct in all respects, for the reason that our statute (Arizona Code Annotated 1939, Secs. 38–201 to 38–226) governing probate and contest of wills expressly limits the issues that may be raised on a will contest to those involving (1) testator's competency to make a will, (2) his freedom at time of execution of the will from duress, menace, fraud or undue influence, (3) due execution and attestation of the will by testator and subscribing witnesses, and (4) any other substantial ground *affecting the validity of the will* (Sec. 38–210) ; and expressly

requires the court to admit the will to probate, if satisfied, from proof or facts found by jury, that (1) the will was duly executed; and (2) the testator when he executed the will was of sound mind and not acting under duress, menace, fraud or undue influence (Sec. 38-213). Thus, by the express provisions of those two sections the jurisdiction of the court is limited to determination of "the *factum of the instrument*"—the will.

This is what some authorities term the old common-law issue of *devisavit vel non.* 1 Bancroft Prob. Practice, Secs. 131, 132, 133, page 239 *et seq. Sporn* v. *Herndon,* 190 Okl. 149, 121 Pac. (2d) 602.

The prior holdings of this court have drawn a distinction between the validity of the instrument as a will and how much effect can be given its terms.

In the case of *In re Estate of Harris,* 38 Ariz. 1, 296 Pac. 267, we pointed out that if the instrument shows *animo testandi* and complies with all statutory requisites that it should be admitted to probate as a will even though all of its terms are not capable of being enforced. In the later case of *In re Estate of Monaghan,* 60 Ariz. 346, 137 Pac. (2d) 390, we quoted from 28 R. C. L. 377, which correctly outlines the scope of the functions of the probate court when a will is propounded for probate and sets forth the matters that are not concluded by a decree admitting a will.

The same rule obtains in other jurisdictions having statutes practically identical with ours. *In Re Cook's Estate,* 173 Cal. 465, 160 Pac. 553; *Mantz* v. *Gill,* 147 Okl. 199, 296 Pac. 441, 445; *In re Schmidt's Estate,* 15 Mont. 117, 38 Pac. 547.

A "will contest," strictly speaking, is any kind of a litigated controversy concerning the *eligibility of an instrument to probate* as distinguished from the *validity of the contents of the* will. The question of a will or no will valid under the law is the sole issue on a contest proceeding. Legal questions involved in the construction or meaning of a validly executed will

are not grounds of contest. For instance, would it not be a travesty on justice to deprive some person of a legacy in a validly executed will by denying it probate merely because there happened to be some invalid provision contained therein.

■■ It would appear that here the plaintiff has mistaken the scope of a will contest. She should raise these questions during probate as an incident to the statutory proceeding to determine heirship, (Secs. 38–1518 *et seq.*, Arizona Code Annotated 1939) then the could would have jurisdiction to construe the will, 3 Bancroft's Probate Practice 1954, Sec. 1200, or the validity of a clause may even be attacked on a petition for final distribution, as we pointed out in the case of *Lowell* v. *Lowell*, 29 Ariz. 138, 240 Pac. 280.

The plaintiff next assigns as error that the court directed a verdict upholding the validity of the will without requiring that all of the subscribing witnesses to the will and codicil who were present in the county be produced by the proponents of the will and examined, or their absence accounted for. The meager record before us shows that this was not required of defendants.

■■ Were this contest an opposition to probate of a will in the first instance, as is provided for under Sec. 38–210, Arizona Code Annotated 1939, the statutory requirement (Sec. 38–212) for the production of the subscribing witnesses or accounting for their absence would apply, for the reason that at that stage of the proceedings there are really two matters before the court: (1) A petition for the probate of the will, which is an *ex parte* proceeding *in rem,* with the burden upon the petitioner to prove the material allegations of his petition. (2) A contest of the probate of the will which, while a proceeding *in rem,* is also an adversary proceeding, where the burden of proof is upon the contestant to establish the grounds of his contest. Bancroft Probate Practice Vol. 1, Sec. 204, page 367.

In passing, it is interesting to note that the California Supreme Court has held the preliminary proof of the subscribing witnesses under (1) *supra,* is for the court, and not for the jury, unless the court directs otherwise. *In re Latour's Estate,* 140 Cal. 414, 73 Pac. 1070, 74 Pac. 411.

However, this is a petition to revoke probate already had under Sec. 38–216, Arizona Code Annotated 1939 *et seq.,* and we think the better rule is that the preliminary *prima facie* showing having already been made it need not be repeated. It has sufficient force to fix the burden of proof on the contestant as to all matters purportedly adjudicated. As the Montana court stated *In re Silver's Estate,* 98 Mont. 141, 38 Pac. (2d) 277, 280, "the contest (after probate) is not tried upon issues tendered by the petition for probate and joined by the plea of contestant; it is tried upon issues tendered by the contestant and joined by answer of the proponents. . . . " For other cases and text statements supporting our view that there is no merit to this assignment see: *Jones* v. *Denton,* 192 Okl. 234, 135 Pac. (2d) 53; *In re Stone's Estate* (Cal. App.), 133 Pac. (2d) 483; 68 C. J. 995, Sec. 760.

Apparently Oregon is the only one of the Western States that follows the archaic procedure of granting a trial *de novo.* There, under circumstances such as these, the original establishment of the will is held for naught and it must be re-probated. *In re Johnson's Estate,* 100 Or. 142, 196 Pac. 385, 1115.

Furthermore the grounds of contest here alleged did not attack "the sufficiency of the proof" to establish the will in the first instance, which is one of the statutory grounds, (Sec. 38–216, Arizona Code Annotated 1939), and for that reason alone this contention should be rejected as not within the framed issues.

Plaintiff contends that in a will contest the jury is the trier of both the law and the facts. That the same rule applies as in an action for criminal libel (Sec. 43–

3502, Arizona Code Annotated 1939) or where the issue of contributory negligence is raised (Art. 18, Sec. 5, Const. of Ariz.) that all issues raised are questions of fact and must be submitted to the jury on proper interrogatories who are to return a special verdict and that the court may not direct a verdict under any circumstances.

It is our opinion that this assignment is wholly without merit. Bancroft's Probate Practice Vol. 1, page 388, Sec. 213, states: "There seems to be no question but that the court has the same power to direct a verdict in a will contest as in civil cases, subject to the same limitations."

While this precise question was not raised, we have impliedly upheld such action by the trial courts in affirming the judgments *In re Smith's Estate,* 53 Ariz. 505, 91 Pac. (2d) 254, and *In re Morrison's Estate,* 55 Ariz. 504, 103 Pac. (2d) 669. Furthermore, our statute provides that "the trial shall be conducted as trials in civil actions." (Sec. 38–210, Arizona Code Annotated 1939.) Two recent California cases support our view. *In re Lances' Estate,* 216 Cal. 397, 14 Pac. (2d) 768; *In re Flatau's Estate,* 10 Cal. (2d) 701, 76 Pac. (2d) 506. Plaintiff has cited no cases to the contrary, but attempts to support her position by misconstruing this statement in the will forgery case of *Sanders* v. *Sanders,* 52 Ariz. 156, 79 Pac. (2d) 523, 528: "It was the duty of the court, therefore, to submit special interrogatories on all of the issues of fact necessary to a determination of the case, and raised by the pleadings" —to mean that in any event the jury must return a special verdict. Such a strained construction is not warranted.

Having concluded that the court has the power to instruct a verdict in a will contest the same as in civil cases, we next consider whether the trial court was justified in doing so in this case. At the outset of this inquiry we are confronted with a meager

and incomplete transcript of the testimony taken at the trial. The clerk's minutes show five witnesses were sworn and testified, the transcript consists of 30 pages, most of which is a colloquy between court and counsel, and it only shows a part of the testimony of two witnesses. Under the rule laid down by us in the cases of *Peters* v. *Pima Mercantile Co.,* 42 Ariz. 454, 27 Pac. (2d) 143, and *Koester* v. *Golden Turkey Mining Co.,* 50 Ariz. 344, 71 Pac. (2d) 1086, we would be wholly unable to say that the action of the court was erroneous on that score.

Being doubtless familiar with this rule, plaintiff seeks to avoid its impact and hence predicates an assignment of error on the bald proposition that the court erred in directing a verdict and in not submitting the issue of undue influence to the jury for the reason that *"the will on its face"* shows that the testatrix cut off the natural objects of her bounty with a pittance ($100 each) and attempts to give her estate (amounting to approximately $75,000) to strangers to her blood who stand in a confidential relationship to her. We think it unnecessary to set out the will *haec verba,* as the substance of it has already been stated.

The burden was upon the plaintiff to prove the allegations of her complaint as to undue influence, particularly was this true where, as here, the will had already been admitted to probate. *In re Estate of Tyrell,* 17 Ariz. 418, 153 Pac. 767. The defendants were under no obligation to submit any evidence until the plaintiff had produced some evidence legally sufficient to support her allegations. Plaintiff admits that this is the general rule, but she relies upon the exception thereto, which is that "a presumption of undue influence arises from *proof* of the existence of a confidential relation between the testator and such beneficiary, *coupled with activity on the part of the latter in the preparation of the will."* See note found 66 A. L. R. 228.

■ As Justice Lockwood so clearly pointed out in the case of *Seiler* v. *Whiting*, 52 Ariz. 542, 84 Pac. (2d) 452, a presumption is not evidence of anything and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue, and that a presumption should never be placed in the scale to be weighed as evidence.

■ Restricting, as we must, our consideration of this assignment of error to the "will on its face," for the plaintiff may not support her position by the pleadings or evidence or references thereto as these are matters *aliunde* the will, what do we find? There is nothing within the four corners of the will to show any confidential relationship as one between "priest and penitent," nor is it shown that there was even an acquaintanceship between decedent and Bishop Gercke, or Rev. Connolly. Yet both of these parties testified, but their testimony is not before us. Even if this confidential relationship were shown on the face of the will, which it is not, there can be no presumption that such relationship existed some eighteen months later when another will was executed in the form of a codicil, prepared by a different attorney and witnessed before different witnesses. There is nothing in the will to show that these representatives of the Catholic Church, assuming they are the "strangers" referred to in the petition, participated in procuring the execution of the will or had anything to do with the preparation of the will. A splendid case enunciating the general principles which are controlling here, written by that great jurist, Chief Justice Angellotti, is found *In re Baird's Estate,* 176 Cal. 381, 168 Pac. 561. The admission of the will itself in evidence falls far short of making a *prima facie* case for plaintiff. This assignment lacks merit.

■ Finally by assignments some point is attempted to be made of the fact that the jury's verdict only refers to the will, no mention being made of the codicil; whereas, the judgment as entered upon the verdict de-

crees both the will and the codicil thereto to be valid. While it is true, as we have frequently held, that the judgment must conform with the verdict, yet by statute (Sec. 1–103(4), Arizona Code Annotated, 1939) "will" includes codicil. It is used here in a generic sense. The use of the word "codicil" in the judgment is a mere surplusage. See also *In re Baird's Estate, supra; Franklin* v. *Jacobs,* 28 Ariz. 187, 197, 236 Pac. 694. Furthermore, the statute relating to will contests nowhere uses the word codicil. These assignments are trivial and without merit.

We express no opinion as to the validity of any of the bequests or charitable trusts set forth in the will, as such matters are not now properly before us, and were not attempted to be determined by the trial court. These are principally matters of law for the determination of the court when its jurisdiction is properly invoked. The judgment of the lower court instructing a verdict and refusing to revoke the prior probate of decedent's will and holding the same to be a valid will is sustained.

Judgment affirmed.

STANFORD, C. J., and MORGAN, J., concur.

ARTHUR T. LaPRADE, J., having disqualified, as he was the trial judge, the Honorable LEVI S. UDALL, Judge of the Superior Court of Apache County, was called to sit in his stead.