[S. F. No. 3252. Department Two.—September 4, 1903.]

In the Matter of the Estate of HANNAH T. LANGLEY, Deceased. JOHN EVERDING, Executor, Appellant, v. THOMAS B. HUTCHINSON, and SARAH DE PRATIE, Respondents.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—UNSOUNDNESS OF MIND—CONFLICTING EVIDENCE—SUPPORT OF DECISION.—Where the verdict of the jury and the finding of the court sustaining the contest of a will proposed for probate, and denying probate thereof on account of the alleged unsoundness of mind of the testator, were sustained by sufficient evidence to warrant the conclusion reached, although the evidence in relation thereto was substantially conflicting, the decision cannot be disturbed upon appeal.

ID.—EFFECT OF VERDICT—FINDINGS OF COURT.—Where a jury had not been demanded in writing three days before the trial, and the court allowed a jury as advisory, and sustained the verdict as to mental incompetency, and disregarded it in its findings as to undue influence, the question whether the court correctly considered the verdict as advisory is not material.

ID.—BILL OF EXCEPTIONS—TIME FOR PRESENTING.—When this court treats the bill of exceptions as part of the record upon appeal, the question whether the time for presenting ran from the date of the verdict or from the entry of the judgment is of no interest to the appellant.

ID.—CONTEST BY CLAIMANTS UNDER PRIOR WILL.—The claimants under a prior will in due form, which was filed for probate about ten days after the filing for probate of the contested will, and the hearing upon which was continued from time to time, without contest or opposition filed thereto, are entitled *prima facie* to contest the probate of the subsequent will for unsoundness of mind of the testator at the time of its execution.

ID.—CLAIM UNDER UNPROBATED WILL.—The principle that a party to a civil action cannot claim title under an unprobated will has no application to a probate proceeding merely involving a question between contestants as to the right to have a certain will probated.

APPEAL from a judgment of the Superior Court of Napa County. E. D. Ham, Judge.

The facts are stated in the opinion of the court.

Otto tum Suden, and Webber & Rutherford, for Appellants.

Thomas B. Hutchinson, and Percy S. King, for Respondents.

McFARLAND, J.—This is a contest of the probate of a will alleged to have been executed by Hannah T. Langley, deceased, on the twenty-second day of February, 1901. The proponent of the will is John Everding, named therein as executor. The contestants are Thomas B. Hutchinson and Sarah de Pratie, the former named as executor, and the latter as legatee, in a prior will, alleged by them to have been made by said Hannah T. Langley, on the eighteenth day of April, 1900. The contest was upon various grounds, and, among others, that the testatrix, at the time of the making of the proposed will of February, 1901, was of unsound mind and mentally incompetent to make a will; and upon this latter ground the court below rendered judgment in favor of the contestants, and declared the said last-named will to be invalid, and denied it probate. From this judgment the proponent appeals.

Respondents contend that, for reasons assigned, there is no bill of exceptions before this court, that there is no evidence here, and that the appeal must be determined upon the judgment-roll alone. But under our views of the case we do not deem it necessary to determine this contention, and will consider the case upon the assumption that the bill of exceptions is properly before us.

We do not think that the conclusion reached in the court below, that the testatrix was of unsound mind and incompetent to make a will at the time the will here proposed was made, can

be disturbed here. We do not deem it necessary to inquire whether certain "delusions" shown by the evidence, some of which might well be considered as "insane," had any direct influence over her when in the act of making the will. She was quite an old woman, and age and disease had weakened both her physical and mental powers. According to the testimony of a large number of witnesses who had ample opportunity of knowing her well, her mental faculties seem to have been nearly all obliterated. Especially did she not have a disposing "memory." One witness who had lived with her for several months testified: "I don't think that Mrs. Langley knew what she was doing most of the time, all the time I knew her;" another, that "she had no memory at all." A few among the many facts showing her lack of memory are the following: She could not remember the names of her intimate acquaintances; and this forgetfulness was not the ordinary one of a person of sound mind who has a difficulty sometimes to remember a name; it was general and continuous, and went to the identity of the persons as well as to their names. When acquaintances called on her she could not remember the next day that she had seen them. She could not remember the name of a woman whom she had known for a long number of years, and who at one time stayed with her for several weeks, and while the woman was staying with her the testatrix could not remember her name, and constantly called her by another name. At one time she forgot her own name, and when a witness who was with her at the time told her that "her name was Hannah Langley," she would not believe it. She could not understand or remember that a certain boy came to her house regularly every evening to get milk. She would see the cow in the yard and think it was something else. At the table she would not remember what she had eaten, or the fact that she was in the act of eating. After she had eaten some kind of food—pie, for instance—she would immediately go into an adjoining room and tell her husband that she did not have any of that kind of food. She called a Mrs. Lewers, a mature woman, who was nursing her, a little girl, and would tell her to go out and play with the other children. The foregoing is sufficient to show the general nature of the evidence as to her

unsoundness of mind and want of memory; and, if true, was sufficient to warrant the conclusion reached in the court below as to her want of that sound and disposing mind and memory which a person must have in order to make a valid will. Appellant introduced some evidence in conflict with the above, but the case is fully within the rule as to conflicting evidence. There are a number of exceptions to rulings of the court occurring at the trial; but we do not see in them any material or prejudicial error. Perhaps the court at times restricted counsel for appellant rather too much in his cross-examinations, but we think that he was allowed to bring out all that was substantial and important, and that he suffered no substantial prejudice by the rulings of the court on that subject. And we do not think that the instructions given to the jury on the subject of mental unsoundness—which were commendably short—were erroneous, or that any prejudicial injury was suffered by appellant by the refusal of instructions asked by him. We think that the case as to that subject was fairly submitted to the jury,—if, indeed, upon the record the verdict of the jury was of any consequence.

There is a question as to whether the verdict of the jury was anything more than advisory. At the trial the contestants sought to impanel a jury, and the proponent objected on the ground that a jury had not been demanded, in writing, three days before the trial, as required by section 1312 of the Code of Civil Procedure, which was admitted by contestants. The court ruled that the jury be allowed, but that its verdict would only be advisory, because the written demand had not been made. The issue of the mental soundness and competency of the testatrix to make the will, and also the issue of undue influence alleged to have been exerted over her by certain named parties, were submitted to the jury. The jury found against the mental capacity of the testatrix, and also that the alleged undue influence had been exercised. The court adopted the finding of the jury as to mental unsoundness, and rejected that of undue influence; and then made findings on the other issues involved, and itself found specifically that the testatrix was of unsound mind, but that the averment of undue influence was not true. Under these circumstances, the question whether the court correctly considered

the verdict as only advisory is of no consequence. If the jury had found one way on the issue of mental unsoundness and the court the other way, the question might have been of some importance. But as it is, the only question arising out of it is whether the appellant presented his bill of exceptions in time,—whether the time commenced to run from the return of the verdict or from the entry of the judgment; and, as we have considered the bill of exceptions as part of the record, that question is of no interest to appellant.

Appellant contends that the respondents were not in a position to contest the proposed will, because they are merely claimants under an alleged prior will. The prior will of April 18, 1900, under which respondents claim, was filed for probate on August 17, 1901, about ten days after the filing for probate of the proposed will here in contest; and the hearing of the petition for the probate was set for September 3, 1901, and the hearing was regularly continued from time to time, and is now pending. No contest or opposition to the petition for such probate has ever been filed. The will on its face is a perfect will, appearing to be duly signed by the testatrix and witnessed in due form by certain witnesses with their residences attached, etc. There was evidence at the trial that the will was duly signed by the executrix and subscribed by the attesting witnesses; and the court found that the will was duly executed by the testatrix in the presence of the subscribing witnesses. Appellant seems to contend, substantially, that claimants under a prior will cannot occupy a position entitling them to contest a subsequent will without having had the prior will probated; or, at least, without proving all the facts which, in case of a contest of the prior will, would entitle it to be probated, and that therefore contestants in this case should have proved, among other things, that the testatrix was of sound mind when the will of April 18, 1900, was made. Counsel have not, on either side, furnished any authority on this question. Counsel for respondent cite *Estate of Gregory,* 133 Cal. 131, but clearly the question is not decided in that case. If there are any cases directly in point, our attention has not been called to them, and we must decide the point without the aid of precedent. Our present opinion is, that.

the facts above stated make a *prima facie* case of the right of respondents to appear as contestants herein. It cannot be that they could not appear without having first probated the prior will; if that had been done, the probate of the prior will would have concluded the matter, and there would have been no occasion for them to appear and contest an attempt to probate some other will. In the case at bar the main thing to be adjudicated is the validity of the subsequent will,— the one proposed for probate,—and not the absolute validity of the prior will. The contestants presented the will under which they claimed to the court, with the usual petition for probate; they had the petition regularly set for hearing and notice thereof duly given; no one has ever appeared to contest it, or to make any opposition to it; and these circumstances, together with the facts found by the court, make, we think, such a fair, *bona fide* showing as to entitle them to maintain this contest. It was the right and duty of the executor named in the prior will to defend it; and the other contestant, being a legatee under such will, was certainly an interested party. We are aware that it has been held that in an ordinary civil action to recover property, a party thereto cannot base his title to the property upon an unprobated will; but this principle does not apply to a probate proceeding merely involving a question between contestants as to the right to have a certain will probated.

The judgment appealed from is affirmed.

Beatty, C. J., and Lorigan, J., concurred.

Hearing in Bank denied.