[Civ. No. 18315. Second Dist., Div. Three. Apr. 27, 1951.]

Estate of ROSE COOK RONAYNE, Deceased. NORAH BANGS ADAY et al., Respondents, v. GEORGE B. RONAYNE, Appellant.

854

Merrill L. Granger for Appellant.

Gandy & Cockins for Respondents.

VALLÉE, J.—Appeal from a decree admitting a document to probate as a lost will after a contest.

Rose S. Cook Ronayne made a will on May 22, 1947. She died June 5, 1949, leaving surviving her husband George B. Ronayne whom she had married on November 7, 1940. The will named Norah Bangs Aday as executrix. The estimated value of the estate is $18,500.

Norah Bangs Aday petitioned for probate of the will of May 22, 1947, as a lost will, alleging that since the death of Mrs. Ronayne she had made, and caused to be made, "diligent search and inquiry thereof and has not and cannot ascertain the whereabouts thereof." Before probate, George B. Ronayne filed a contest alleging that the will was revoked in its entirety during the lifetime of Mrs. Ronayne and that she died intestate. A citation issued directed to all the devisees, legatees, and heirs. It was served on all of them. None of them answered. Norah Bangs Aday, who was not a devisee, legatee, or heir, filed an answer.

The contest was tried by the court without a jury . At the close of respondent's evidence the court ordered that the de-

fault of the devisees, legatees, and heirs be entered. Contestant then moved to strike the answer of Norah Bangs Aday to the contest and all of the evidence introduced by her on the contest, on the ground that she was not a person interested and therefore not entitled to resist the contest. The motion was denied. Findings of fact were made and a decree entered admitting the will of May 22, 1947, to probate as a lost will. The surviving husband appeals.

Contestant's—appellant's—first specification of error is that the court erred in not striking respondent's answer to the contest and all of her evidence on the contest. He argues that she is not a devisee, legatee, or an heir; that therefore she is not an interested person and not entitled to resist the contest.

■ The question to be decided is whether a person named as executrix in a will, who is not a beneficiary or an heir of the testator, may resist a contest of the will before probate.

Probate Code, section 370, provides that "any interested person" may contest a will before probate, and that upon the filing of written grounds of opposition to the probate "a citation shall be issued directed to the heirs of the decedent and to all persons interested in the will, including minors and incompetents, wherever residing, directing them to plead to the contest within thirty days after service of the citation, which shall be made personally or by publication in the manner provided by law for the service of summons in civil actions." It also provides that any person so served may demur to the contest and that "if the demurrer is overruled, *the petitioner* and others interested, within ten days after the receipt of written notice thereof, may jointly or separately answer the contest." (Italics added.)

Probate Code, section 371, provides: "On the trial [of a contest before probate], the contestant is plaintiff and the petitioner is defendant."

In *Estate of Hite*, 155 Cal. 448 [101 P. 448], the court declared, page 455: "The statute nowhere requires the executor named in the will who has petitioned for its probate to resist the claim of one filing written grounds of opposition thereto. He may or may not, at his option, become a party to the contest by demurring or answering the opposition. (See Code Civ. Proc., sec. 1312 [now Prob. Code, § 371].)" And in *Estate of Higgins*, 158 Cal. 355, 358 [111 P. 8], "While he [the executor] undoubtedly had the legal right under our statute to defend the will [before probate] in his capacity

as executor (Code Civ. Proc., secs. 1299 [now Prob. Code, § 323] and 1312 [now Prob. Code, § 371]; *Estate of Hite*, 155 Cal. 448 [101 P. 448], if such defense was solely for his own benefit as a devisee and legatee and could not operate beneficially as to any other person interested in the estate, he must bear the costs and charges of maintaining it." (See to the same effect *Estate of Webster*, 43 Cal.App.2d 6, 20 [110 P. 2d 81, 111 P.2d 355]; *Estate of Pryor*, 51 Cal.App.2d 735, 736 [125 P.2d 511].)

We conclude that a person named as executor in a will, who is not a beneficiary or an heir of the testator, may resist a contest of the will before probate.

The second specification of error is that the findings are not supported by the evidence. The court found that Mrs. Ronayne executed her last will on May 22, 1947, that it was never revoked, and that it was in existence at the time of her death.

The rule is uniform that where it is shown that a will cannot be found after the death of the testator and when last seen or known to exist it was in his possession, two inferences arise: (1) that the will was destroyed by the testator, and (2) that the act of destruction was done *animo revocandi*. (*Estate of Bristol*, 23 Cal.2d 221, 224 [143 P.2d 689]; *Estate of Arbuckle*, 98 Cal.App.2d 562, 566 [220 P.2d 950]; anno. 3 A.L.R.2d 952.) The inferences thus stated, sometimes referred to as a conclusion of law, are rebuttable. (*Estate of Bristol, supra*; *Estate of Moramarco*, 86 Cal.App.2d 326, 334 [194 P.2d 740].) In the present case, contestant rested on these inferences. The will of Mrs. Ronayne could not be found after her death; and when last seen and known to exist, it was in her possession.

The making of the will on May 22, 1947, is not disputed. On its execution it was handed to Mrs. Ronayne by the attorney who drew it. He retained a copy which was introduced in evidence. Mrs. Ronayne died on Sunday, June 5, 1949. It was her custom to keep "a lot" of papers around the house and move them from one place to another. On the Friday preceding her death she stated that the will was in the house but she was not sure where. On the previous Tuesday she referred to her will and to the fact that she had mislaid it. Two other wills—one made in 1945 and another in 1946—were received in evidence. Contestant argues that the declarations of the previous Friday and Tuesday have no probative force because she did not specify to which will she

referred. The court was warranted in inferring that she was referring to the last will she made—that of May 22, 1947.

Mrs. Ronayne made a will on October 3, 1945, bequeathing legacies of at least $15,000, in which she gave contestant only $500, and in which she said that the reason she was leaving him this "small amount" was because she felt she had given him sufficient sums during their married life "to adequately compensate him for the small amount of love and affection I have ever received from him." She made a will on July 16, 1946, bequeathing legacies of at least $11,000, in which she gave contestant $100, and again said that she had received a small amount of love and affection from him. The will of 1947 also left contestant $100, and said that her reason for leaving him this "small amount" was that she had amply provided for him during her lifetime. The wills of 1945, 1946, and 1947 show a consistent testamentary plan and an intention to die testate. There is much evidence that Mrs. Ronayne received unkind and harsh treatment from contestant. The evidence showed a complete lack of love and affection on her part for contestant. Before a complete search of Mrs. Ronayne's house could be made for a will, contestant took possession and thereafter no further search was possible.

The weight to be accorded to the evidence and the function of a reviewing court are the same in a will contest as in any other civil case. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) It is our duty to resolve every reasonable doubt as to the sufficiency of the evidence to sustain the findings in favor of the respondent. We think it apparent that the evidence in the present case was sufficient to overcome the inference of revocation and to support the findings. (See *Estate of Moramarco*, 86 Cal.App.2d 326, 338 [194 P.2d 740]; *Estate of Reid*, 79 Cal.App.2d 34 [179 P.2d 353]; *Estate of Dean*, 62 Cal.App.2d 418 [144 P.2d 849].)

The third specification is that the court erred in numerous rulings on evidence. The court, over the objection of contestant, admitted the following evidence offered by respondent: the will made October 3, 1945; the will made July 16, 1946; a deed to Mrs. Ronayne and her former husband; testimony of the attorney who drew the 1947 will concerning what Mrs. Ronayne had said to him as her reason for leaving only $100 to her husband, and to the effect that he had had conversations with her about getting a divorce and about some joint tenancy property; testimony of the attorney as to his time sheets showing when Mrs. Ronayne had con-

sulted with him (this evidence was received solely for the purpose of fixing dates); testimony of a witness as to a conversation with Mrs. Ronayne in which the latter made uncomplimentary remarks about contestant; testimony of a witness as to a conversation she had with contestant after the death of Mrs. Ronayne in which the witness gave her conclusion as to what Mr. Ronayne meant by what he said; numerous letters written by Mrs. Ronayne to various persons in which she exhibited distrust of, and animosity to, Mr. Ronayne. The court excluded evidence, Exhibit X, offered by contestant for the purpose of showing that he had contributed money to Mrs. Ronayne.

■ Contestant having alleged that the will of 1947 was revoked by Mrs. Ronayne during her lifetime, it was proper for respondent to endeavor to establish that she had not destroyed the will. Evidence was admissible to show a state of mind of Mrs. Ronayne consistent only with the will being unrevoked and potentially operative. ■ The weight of authority is to the effect that declarations of the testator may be shown for the purpose of overcoming the inference that a will has been destroyed *animo revocandi*. (*Estate of Boyer*, 67 Cal.App.2d 83, 87 [153 P.2d 793]; *Estate of Thompson*, 44 Cal.App.2d 774, 776 [112 P.2d 937]; Anno. 3 A.L.R.2d 960; cf. *Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689].)

■ The best evidence, if not the only evidence, that can be produced to rebut the inference of revocation, is that the testatrix for several years contemplated a certain disposition of her property; that when she disposed of that property by the will of 1947 her mental attitude was precisely the same that it had been during those previous years; and that after she made such disposition her mind remained in the same state practically until her death, supplemented by the consistency of her mental attitude toward her husband and the beneficiaries named in her will. ■ While Exhibit X should have been admitted as tending to offset some of the evidence of respondent, we cannot say, in the light of the entire record, that the error was prejudicial. The matters shown by that exhibit, we think, were fully shown by other evidence and related to a minor issue. We find no prejudicial error in the admission or exclusion of evidence.

■ The fourth specification of error is that the court failed to find on material issues: (a) Was contestant the surviving husband and heir of decedent, and (b) Did decedent and contestant make a property settlement agreement which

barred his interest under the will? As the court found that the will was not revoked, it was not necessary, in this proceeding, to determine whether contestant is or is not the surviving husband and heir of decedent. The findings state that respondent expressly abandoned her contention that a property settlement agreement had been made.

The evidence shows strong and unvarying adherence by the testatrix to her plan for the disposition of her estate, which had obtained for several years prior to her death, both as to the beneficiaries thereof and the bounty they would receive. There is no scintilla of evidence or inference therefrom, other than the inferences the law raises, that the will of 1947 was revoked. The evidence and the inferences from it point to only one conclusion—that the will of 1947 was not revoked by the testatrix during her lifetime and that it was in existence at her death. We find no prejudicial error in the record.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied May 15, 1951, and appellant's petition for a hearing by the Supreme Court was denied June 25, 1951. Traynor, J., voted for a hearing.