113 So.2d 721 (1959)
In re ESTATE of William L. FARRIS, Deceased.
Margaret B. FARRIS, Appellant,
v.
John T. BOND, Executor of the Estate of William L. Farris, Appellee.
No. 58-610.
District Court of Appeal of Florida. Third District.
July 2, 1959.
Rehearing Denied August 11, 1959.
Emanuel Levenson, Miami, for appellant.
Carroll D. Bright, Miami, for appellee.
PEARSON, Judge.
The appellant, widow of the deceased, and a beneficiary of his estate, filed her petition in the county judges' court for an order authorizing and directing the executor to pay to her attorneys reasonable fees for services rendered to the estate of her deceased husband. After hearing upon the petition the county judge denied the same with the following finding: "[T]he services rendered by the attorneys of Margaret B. Farris, were rendered at her request and in her behalf and that the services thus rendered did not enhance the estate and did not produce any material benefit to the estate of the decedent * *." *722 The widow, original petitioner and appellant here, appeals from this order. It is her contention that her attorneys' services were of benefit to the estate and that her attorneys are entitled to compensation for these services under section 734.01(2), Fla. Stat., F.S.A., which provides as follows:
"Any attorney who has rendered services to an estate, or the personal representative may apply to the court by petition for an order making an allowance for attorney's fees, and after notice to persons adversely affected, the court shall make such order with respect thereto as shall be proper."
The services for which compensation is claimed were rendered by the widow's attorneys upon her petition for removal of the executor. The county judge, although denying the petition for removal of the executor, ordered that the court's approval should be sought for any policy decisions concerning decedent's business and that regular monthly statements of profit and loss, as required by law, should be filed with the county judges' court.
There can be no doubt that attorney's fees may be allowed pursuant to the above quoted section to an attorney who has rendered services to an estate even though these services were initially rendered on behalf of a beneficiary of the estate. See Johnson v. Burleson, Fla. 1952, 61 So.2d 170.
In the above cited case, the executor of the husband's estate was going to distribute materially less income to the wife's estate than had accrued during her lifetime. The executrix of the wife's estate brought an action to compel an accounting and distribution by the executor of the husband's estate. The court held that the services rendered by the executrix' attorney in bringing the action were necessary, and that they were of benefit to the husband's estate in that they required the executor of the husband's estate to carry out the purpose and intention expressed in the husband's will.
It is apparent in the instant case that petitioner's attorneys were unsuccessful in achieving their prime objective, namely, the removal of the executor. Nevertheless, they would be entitled to receive reasonable counsel fees if as a result of the proceedings undertaken the estate was benefited. Here the decedent's executor was ordered to make monthly accountings concerning the state of decedent's business, but nowhere is it shown that because of the required accountings any benefits resulted to the estate. True, it is a good practice to require periodic accountings, and indeed, they are required by law.[1] In the absence of a showing that the accounting ordered produced new assets for the estate or that the legal services became necessary by reason of laches, negligence, or fraud on the part of the personal representative of the estate, we will not hold the county judge in error for refusing to allow a fee to the attorneys who brought this action.
It is apparent that county judges should exercise great care in granting an allowance of attorney's fees for actions precipitated by others than the personal representative. Otherwise, litigation in estates will actually be encouraged and the result will be increased costs in the settlement of estates. By the same rule an appellate court should exercise great care in reversing an order of a county judge denying an allowance of fees for legal services rendered to others than the personal representative of an estate. We therefore hold that this record does not reveal error on the part of the county judge.
Affirmed.
HORTON, C.J., and CARROLL, CHAS, J., concur.
NOTES
[1] Section 733.08, Fla. Stat., F.S.A.