[Civ. No. 10086.   Third Dist.   Apr. 18, 1961.]

Estate of MANUEL F. PERREIRA, Deceased.  CROCKER-ANGLO NATIONAL BANK, as Executor, etc., Appellant, v. LENA RICHARDS et al., Respondents.

370

Taylor & Taylor for Appellant.

Cardozo, Trimbur & Nickerson and Bert M. Carner, Jr., for Respondents.

WARNE, J. pro tem.*—This is an appeal from an order made in the matter of the estate of Manuel F. Perreira, deceased, upon a petition for instructions by the appellant, Crocker-Anglo National Bank.

Decedent, Manuel F. Perreira, died in Modesto, California, on the 24th day of November, 1959, and thereafter appellant filed for probate decedent's purported will creating testamentary trusts and appointing appellant executor of said will and trustee of the trusts. These testamentary trusts were to endure for the lives of decedent's three children, his grandchildren and great grandchildren living at the time of his death, the corpus of the trust to be distributed to decedent's heirs at law upon termination of the several life estates.

A contest was filed by Lena Richards, respondent, one of the three children named as lifetime beneficiaries, on the ground that the decedent's purported will was not the last will and testament of decedent, and, in substance, that at the time the purported will was executed decedent was not of sound and disposing mind. All of the other living heirs at law, devisees, legatees, and trust beneficiaries named in the will, either individually or through their guardians *ad litem,* by answer, in the contest proceeding, admit, and likewise affirmatively allege, that the purported will in question is not, upon all the grounds stated in the contest, the last will and testament of the deceased.

After the contest was filed appellant was appointed special administrator of the estate of deceased with general powers and has qualified as such. Appellant, as the executor named in the will, and as the special administrator of the estate of deceased before probate, petitioned the probate court for instructions, alleging that it was necessary to resist the contest of the will in order to effectuate the intent of the decedent. It requested instructions as to its right to retain counsel for the purpose of defending the will at the expense of the estate.

The probate court, responsive to the petition for instructions, made the following order: "... that if said Bank retains counsel to defend the Will of Manuel F. Perreira, deceased, it will do so on its own responsibility; and any fees or expenses

*Assigned by Chairman of Judicial Council.

incurred in retaining and employing such counsel will be a charge against the Bank and not against the Estate of the deceased.'' In support of its order the court cited: *Estate of Olmstead,* 120 Cal. 447 [52 P. 804] ; *Estate of Pryor,* 51 Cal. App.2d 735 [125 P.2d 511]; *Estate of Hite,* 155 Cal. 448 [101 P. 448] ; *Estate of Higgins,* 158 Cal. 355 [111 P. 8] ; *Estate of Schwartz,* 87 Cal.App.2d 569 [197 P.2d 223] ; *California Estate Adm.* (1960), pp. 976, 977, 978.

Although the proposition is challenged, we will assume in this decision that a person named as executor in a will, who has not yet succeeded in probating the will of his testator and therefore is not a qualified executor may, nevertheless, under the provisions of section 588 of the Probate Code, petition the court in probate for instructions. We make this assumption because we find it unnecessary to pass upon that challenge. We make the same assumption of the challenged right of a trustee named in a will not yet probated to petition for instructions under said code section.

▮ The right of an executor named in a will proposed for probate to oppose a contest to the probate of the will is settled. ▮ But what the named executor asked of the probate court was an order directing it to oppose the contest and authorizing it to obtain counsel and incur expenses for that purpose, chargeable to the estate, regardless of the outcome of the contest and its opposition thereto. The trial court properly exercises its discretion in refusing to so order.

▮ While a person named as an executor who is not a beneficiary under the will may elect to resist a contest to the will before probate (*Estate of Ronayne,* 103 Cal.App.2d 852, 856 [230 P.2d 423] ), the statute nowhere requires the executor named in the will who has petitioned for its probate to resist the claim of one filing written grounds of opposition thereto. (*Estate of Hite, supra,* p. 455.) Such an executor may or may not at his option become a party to the contest by demurring or answering the opposition. (*Estate of Hite, supra,* p. 455; see also *Estate of Higgins, supra,* at p. 358.) ▮ In the situation presented to the probate court herein it was discretionary with the court whether it ought in any fashion to direct the named executor to oppose the contest. There was no abuse of that discretion in the action taken by the court in refusing to so order.

▮ The probate court, however, abused its discretion in declaring that if the named executor elected to oppose the contest its expenses for counsel fees and other costs incidental

to such opposition could not, in any event, be charged to the estate. Those matters ought to be left until after the contest is over and the will either probated or denied probate, for as said in *Estate of Yoell*, 160 Cal. 741, 743 [117 P. 1047]:

"... The final determination of the litigation ... must have a weight in influencing the court in the exercise of the discretion to award costs with which the law has vested it, and not until the.final determination can that discretion be properly exercised."

What has been said as to the named executor applies equally to appellant as a named trustee before probate of the will. The court could properly refuse the requested directions, but should not have foreclosed any right the trustee might have in the future to claim recompense for expenditure it might feel called upon to make.

That part of the order appealed from which orders "that if said Bank retains counsel to defend the Will of Manuel F. Perreira, deceased, it will do so on its own responsibility" is affirmed. That part of the order appealed from which purports to adjudicate that "any fees or expenses incurred in retaining and employing such counsel will be a charge against the Bank and not against the Estate of the deceased" is reversed.

Van Dyke, P. J., and Schottky, J., concurred.