[Civ. No. 36547. Second Dist., Div. One. Aug. 24, 1970.]

EDWARD JAY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BANK OF AMERICA et al., Real Parties in Interest.

## COUNSEL

Jones, Jones, Sturges & Murphy and Arthur T. Jones for Petitioner.

No appearance for Respondent.

Boyko & Simmons and Michael W. Roberts for Real Parties in Interest.

## OPINION

**WELLS, J.**[*] — This is a proceeding in certiorari to review an order of respondent court granting the motion of real parties in interest to dismiss

---

[*]Assigned by the Chairman of the Judicial Council.

petitioner's will contest. The question presented is whether petitioner is a person "interested" within the meaning of Probate Code section 370,[1] and has standing to maintain the contest.

On January 23, 1970, a petition for probate of will of William S. Schwartz was filed in respondent court by real parties in interest, Bank of America National Trust and Savings Association and Evalyn Adele Schwartz, the widow of the decedent. Said petition alleged the death of William S. Schwartz on or about January 15, 1970, that the deceased left property of an estimated value of $2,455,500, and that decedent left a will dated September 19, 1969, including a First Codicil thereto dated October 10, 1969, and a Second Codicil thereto dated December 23, 1969. The original will and the First Codicil named as co-executors the Bank of America National Trust and Savings Association and petitioner, Edward Jay. The Second Codicil expressly revoked this provision and substituted the following: "I nominate THE BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION and my wife, EVALYN BURKHART SCHWARTZ as Co-Executors of this Will. My wife, EVALYN BURKHART SCHWARTZ, is to serve as Co-Executor without fee or commission of any kind. If my wife, EVALYN BURKHART SCHWARTZ, shall, for any reason, fail to qualify or decline or cease to act as a Co-Executor, I nominate THE BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION as the sole Executor of this Will. No bond shall be required of any person acting as Co-Executor hereunder. The term 'my Executor', as used in this Will, means my Co-Executors, or if there is but one Executor, THE BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION and any personal representative of my estate." The Second Codicil makes no changes in the disposition of the testator's estate and expressly provides: "In all other respects I confirm and republish my Will dated September 19, 1969 as modified by my First Codicil dated October 10, 1969, and I confirm and republish that First Codicil except as it may be modified by this Codicil."

On or about February 12, 1970, petitioner, Edward Jay, filed a contest challenging only the Second Codicil, on the grounds that at the time of the alleged execution of the Second Codicil, the decedent was not of sound and disposing mind, and that decedent was under the undue influence of persons unknown to contestant; that the Second Codicil was not executed by decedent in the manner and form required by law; and that probate of the Second Codicil would be contrary to the intent and desires of decedent in that

---

[1]Probate Code, section 370, provides in pertinent part: "Any person interested may contest the will by filing written grounds of opposition to the probate thereof at any time before the hearing of the petition for probate, and thereupon a citation shall be issued directed to the heirs of the decedent and to all persons interested in the will . . . ."

contestant "was specifically requested by the Decedent to act as such Co-Executor for the specific purpose that the Contestant knew of the Decedent's business affairs and was familiar with the manner in which Decedent conducted his business operations and because the Decedent placed great trust and respect in the Contestant as to his business judgment and ability to conduct the Decedent's business following his death to the best interests of Decedent's estate."

Real parties in interest filed their answer to the contest, together with a notice of motion for summary judgment dismissing the contest on the ground that petitioner was not "any person interested" as required by section 370 of the Probate Code. Petitioner is neither an heir of decedent nor a devisee or legatee under the will.

The motion to dismiss was granted on the ground "that contestant Edward Jay is not 'any person interested' within the meaning of Probate Code section 370." By the within petition petitioner seeks to annul the order of dismissal, contending that respondent court "did act in excess of its power and jurisdiction as defined by statute, and as defined by decisions of higher courts and made applicable to Respondent under the doctrine of stare decisis." Thus, the question is whether petitioner, solely as an executor named in a will, has a sufficient "interest" in the estate to contest a subsequent codicil naming another as executor and making no other change in the will.

Under the rule of Probate Code sections 370 and 380, that only a person interested may contest a will, either before or after probate, it has been held that "An 'interested person' is one who has such a pecuniary interest in the devolution of the testator's estate as may be impaired or defeated by the probate of the will or be benefited by having it set aside." (*Estate of O'Brien,* 246 Cal.App.2d 788, 792 [55 Cal.Rptr. 343].) In the early case of *Estate of Baker,* 170 Cal. 578, 586-587 [150 P. 989], it was held that the right of an interested person to contest a will is fundamentally based upon the loss of property or property rights resulting from the recognition of an invalid instrument depriving him of those rights; that the purpose of a will contest is to establish a violation of the contestant's right of property; that in its essence the contest is an action for the recovery of property unlawfully taken or about to be taken from the ownership of the contestant. See also, for statement of this general rule: (*Estate of Plaut,* 27 Cal.2d 424, 425 [164 P.2d 765, 162 A.L.R. 837]; *Estate of Land,* 166 Cal. 538, 543 [137 P. 246]; *Estate of Arbuckle,* 98 Cal.App.2d 562, 566 [220 P.2d 950, 23 A.L.R.2d 372]; 4 Witkin, Summary of Cal. Law (1960) p. 3228; 54 Cal.Jur. 2d Wills, §§ 603, 604, pp. 126-130; 57 Am.Jur. Wills, § 798, pp. 541-542.`

■ It appears to be well settled in this state that an executor who is named in a will which has been offered for probate, or which has been admitted to probate, has the right to oppose or resist a contest *to* such will. (*Estate of Webster,* 43 Cal.App.2d 6, 20 [110 P.2d 81, 111 P.2d 355]; *Estate of Arnold,* 121 Cal.App. 247 [8 P.2d 897]; *Estate of Ronayne,* 103 Cal.App.2d 852, 856 [230 P.2d 423]; *Estate of Perreira,* 191 Cal.App.2d 369, 371 [12 Cal.Rptr. 589].) In these cases it was not questioned that the *contestant* was a "person interested" and was entitled to file the contest.

■ It has also been held in California that an executor could also *contest* a subsequent will, even though he had no beneficial interest in the estate. (*Estate of Costa,* 191 Cal.App.2d 515 [12 Cal.Rptr. 920]; *Estate of Langley,* 140 Cal. 126 [73 P. 824].) The right is not based upon any pecuniary interest of the executor in the devolution of the estate, but rather upon the theory that he represents those who would be entitled to the estate under the will in which he is named as executor, and, in a representative capacity, he has the right to see that the testator's wishes are not thwarted by admission to probate of a testamentary paper which is not genuine. But *Costa* and *Langley, supra,* do not directly deal, either in the facts or the holding, with the instant case wherein the subsequent document effects no changes in the dispositive provisions, and only changes an executor; and we have found no California authority, and none is cited, which holds that in such a case an executor may contest the subsequent will or codicil.[2]

■ While a beneficiary under an earlier will may contest a later one without first obtaining probate of the former, *Estate of Plaut,* 27 Cal.2d 424, 428 [16 P.2d 765], he may not do so if his pecuniary interest in the devolution of the property would not be affected or impaired by the later will or codicil. (*Estate of Land,* 166 Cal. 538 [137 P. 246].) And in *Estate of Anthony,* 127 Cal.App. 186 [15 P.2d 531], the court states that an heir at law of the decedent is not necessarily a "person interested," and may be without the right to petition for revocation of a will by reason of other facts which show he has no direct pecuniary interest which will be affected by the probate of the will. (See also *Estate of Eskridge,* 51 Cal.App.2d 634 [125 P.2d 527]; *Estate of Edelman,* 148 Cal. 233 [82 P. 962].) ■ It is also noted that the right to contest is purely statutory. (*Estate of Walters,* 89 Cal.App.2d 797 [202 P.2d 89]; *Estate of Robinson,* 192 Cal.App.2d 847 [13 Cal.Rptr. 842]; *Estate of Collins,* 268 Cal.App.2d 86 [73 Cal. Rptr. 599].)

■ Petitioner concedes that such is the law, but contends that an executor has the right, or even the duty to uphold "his" will as against a subse-

[2]Cf. *In re Sanborn,* 98 Cal. 103 [32 P. 865], and *Estate of Golden,* 4 Cal.2d 300 [48 P.2d 962], which hold that a *public administrator* is not such an "interested person" as would entitle him to contest a will.

quent will or codicil, regardless of the provisions of the later instrument. However, in the instant case, petitioner's only legal interest in the estate is in serving as executor and receiving administration fees for such services. It is not shown wherein the object and intent of the testator will be thwarted by the provisions of the Second Codicil. Under court supervision, the property must be distributed in accordance with the provisions of the will whether the co-executor is the widow or petitioner.[3]

Accordingly, it is our conclusion that petitioner is not a "person interested" within the purview of section 370 of the Probate Code.

The alternative writ is discharged and the peremptory writ is denied.

Lillie, Acting P. J., and Thompson, J., concurred.

---

[3]The will, in addition to making specific legacies in favor of the widow and one Richard Walker, sets up a trust for the widow, naming two individuals as trustees, neither of whom is petitioner.