411 So.2d 368 (1982)
In re ESTATE OF S. Cyrus LEWIS, Deceased.
Nos. 80-1489, 80-2007.
District Court of Appeal of Florida, Fourth District.
March 31, 1982.
*369 Richard A. Kupfer of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant-Hertha M. Lewis, Personal Representative.
James G. Pressly, Jr., of Gunster, Yoakley, Criser & Stewart, P.A., Palm Beach, for appellee-Dr. Paul Rosch.
LETTS, Chief Judge.
The widow of a decedent contests the probate court's summary judgment which denied her standing as personal representative to contest a clause in the will and which held she had no pecuniary or beneficial interest in the outcome. We reverse.
The decedent's will provides in pertinent part:
SEVENTH
A marital deduction trust (Trust A) with the surviving spouse entitled to all the income each year with the power to invade 10% of the corpus. The surviving spouse had the sole power to appoint the entire interest or a portion in favor of herself or her estate. If the power of appointment was not exercised, the assets became part of the residue of the decedent's estate.
EIGHTH
A life estate to the surviving spouse in real property located in the state of New York upon which was located an operating gasoline station. Upon her death, the remainder goes to Dr. Paul Rosch. This is the devise at issue here.
NINTH
The residue of the estate to be placed in a charitable remainder uni-trust (Trust B). The surviving spouse to receive 6% of the net fair market value of the trust assets each taxable year. Upon the surviving spouse's death, the trust to terminate and the assets to be distributed to the American Institute of Stress and Queens Daughters Day Care Center. If either failed to qualify as a charitable organization, principal and income to be transferred to qualified organization.
TENTH
Appoints the surviving spouse as personal representative of the estate.
Upon his death, the testator's widow qualified and was appointed personal representative. She then timely filed a petition in the estate entitled "Petition of Personal Representative to Revoke Bequest." The first numbered paragraph of that pleading is illustrative of the theory under which the petitioner was proceeding. It reads:

*370 1. I am the surviving widow of S. CYRUS LEWIS, deceased, and his only heir at law. There are no children.
The balance of the petition sought to avoid the devise of a remainder interest to Dr. Paul Rosch, appellee here, (contained in paragraph EIGHTH of the will) on grounds of undue influence.
Rosch's motion for summary final judgment addressed to the petition was granted on the basis that "Petitioner, HERTHA M. LEWIS, has no standing and is not a proper party to contest the devise... . In order to have sufficient interest and standing ... the contestant must have some pecuniary or beneficial interest that is enhanced by voiding the alleged invalid provision." A motion to dismiss with prejudice, also filed by Rosch, was disposed of in the same manner and what we say here applies to both motions, consolidated as they were by the summary final judgment.
There are two issues with which we are concerned and we will treat them separately. The first is whether the personal representative of a will may contest provisions in the very instrument she has been appointed to uphold and execute. We answer this question in the negative. It is a contradiction in terms for one who is specifically appointed to carry out the terms of a will to concomitantly have standing to thwart and obstruct performance of that very same duty. So well recognized is the principle that one may not serve as personal representative of a will and at the same time contest some aspect of it, that only one case has been offered in the briefs directly addressing this issue. Baker v. Baker, 266 Ala. 210, 95 So.2d 101 (1957). However our own enquiries reveal a plethora of law on the subject some of which we cite below in a footnote.[1] There does not appear to be a Florida case on point. Nonetheless we hold that a personal representative has no standing to contest the will under which she holds her appointment and in fact she immediately disqualifies herself to continue to serve in that capacity when she files suit contesting any part of the testamentary document.
We have been cited to contrary authority including the cases of In re Barret's Estate, 40 So.2d 125 (Fla. 1949), Barnett v. Barnett, 340 So.2d 548 (Fla. 1st DCA 1976) and the annotation at 31 ALR 2d 756. However these authorities address themselves to whether the personal representative named in one will may contest the contents of another executed by the same testator. They therefore are distinguishable from the case at bar where the personal representative seeks to overthrow a portion of the very will under which she is appointed.
It is also argued that even if the foregoing be true, Florida has adopted a statute which grants automatic standing to any personal representative. § 731.201(21), Florida Statutes (1979). Thus it is suggested that when the term "interested person" under § 733.109 is considered in pari materia with Section 731.201(21) we achieve automatic standing. We confess to difficulty with this contention, however we hold that, in our particular context at least, the latter statute is intended to provide for notice rather than to bestow automatic standing. Our conclusion is apparently bolstered by the amorphous final sentence of this subsection twenty-one.[2]
The second related issue is whether the widow acting in her individual capacity as a devisee or legatee has standing to contest other devises under the will. In the particular matter now before us we believe she has. The basic question to be answered *371 is: Will the widow derive some pecuniary or other beneficial interest if she successfully contests and avoids the other devise? If she will benefit she has standing, and if she will not, then she has none. In re Pfeiffers Will, 34 Fla.Sup. 132 (Dade County 1970) aff'd without opinion 240 So.2d 211 (Fla. 3d DCA 1970).
In the instant case paragraph EIGHTH of the will leaves a life estate in a gasoline station to the widow with the remainder over to the said Dr. Rosch. It is this remainder interest that the widow seeks to strike down.
The remainder interest, if avoided, falls into the residue. Section 732.604, Florida Statute (1980). The widow has an interest in that residue because the will places it into the corpus of a charitable remainder unitrust in which the surviving spouse will annually receive an amount equal to 6% of the net fair market value of the trust assets. Obviously 6% of the trust without the remainder interest included, is less than 6% of the trust if the remainder interest is added. Therefore the surviving spouse, in her capacity as beneficiary of the charitable remainder unitrust, has standing because she has that pecuniary or other beneficial interest in the estate which is detrimentally affected by the contested provision and which would be enhanced by its avoidance. It is argued that because she already enjoys the income from the life estate under paragraph EIGHTH, "the life estate will remain as it is without becoming a part of the residuary estate where the guaranteed annual income is provided for." We are not sure we understand this argument but if it means she cannot get two bites of the apple, we disagree and certainly we disagree with any contention that the avoided remainder does not become a part of the residue. To us it would appear that whether or not the remainder is avoided, her life estate is unaffected. From the life estate the widow derives the gasoline station's income regardless of what happens to the remainder. From the residue she gets 6% of its fair market value subject to the life estate. They are not synonymous, so she may enjoy them both if she wins the contest.
Parenthetically we note that the petition bears an erroneous label (Petition of the Personal Representative), but basically presents a cause of action consistent with the aims of the surviving spouse as beneficiary of the residuary trust. Appropriate amendments should be permitted.
One further development deserves comment. While this matter languished on appeal, both parties advised this court that the surviving spouse has now filed for her elective share under Florida law. It seems clear that such an election, if unrescinded, would defeat the very interest which furnishes standing to the surviving spouse because that election precludes the surviving spouse from taking any interest at all under the will. While this issue is not properly before us, nor presently ripe for appellate consideration, we make a single observation. We recognize that the law of New York may ultimately control disposition of the life estate and the remainder interest in the New York real property. However we will not speculate as to what effect the decision to take an elective share in Florida will have on that disposition. Thus, our determination is limited to the holding that if, and only so long as, the surviving spouse is the beneficiary of the charitable remainder unitrust, she has standing to contest the devise of a remainder interest in the New York real property to Rosch.
In conclusion we reverse the summary final judgment on the basis that the appellant widow, as beneficiary of the residuary trust, has standing to contest the provisions of paragraph EIGHTH of the will devising a remainder interest to appellee, Rosch. We remand with instructions (a) to amend the petition; (b) to accomplish the resignation of appellant as personal representative of the estate if this has not already been carried out; and (c) for such further proceedings as are appropriate and which are not inconsistent herewith.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GLICKSTEIN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] Reed v. Home National Bank, 297 Mass. 222, 8 N.E.2d 601 (1937); In re Estate of Meredith, 275 Mich. 278, 266 N.W. 351 (1936); In re Estate of O'Brien, 126 P.2d 47 (Wash. 1942); Stewart's Estate Hemstad v. Ferry, 107 Iowa 117, 77 N.W. 574 (1898); Jay v. Superior Court of Los Angeles County, 10 Cal. App.3d 754, 89 Cal. Rptr. 466 (1970); In re Estate of Parsons, 65 Cal. 240, 3 P. 817 (1884); In re Miller's Estate 54 Ariz. 58, 92 P.2d 335 (1939); In re Fisher's Estate, 173 Neb. 510, 113 N.W.2d 625 (1962).
[2] The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in any proceedings.