442 So.2d 290 (1983)
In re ESTATE OF S. Cyrus LEWIS, Deceased.
No. 83-392.
District Court of Appeal of Florida, Fourth District.
November 30, 1983.
Rehearing Denied January 11, 1984.
*291 James G. Pressly, Jr. of Gunster, Yoakley, Criser & Stewart, Palm Beach, for appellant Dr. Paul Rosch.
Frank J. Bennardo, Boca Raton, for appellee, Hertha M. Lewis, Personal Representative.
WALDEN, Judge.
Dr. Rosch, a beneficiary under the terms of the decedent's will, appeals from the denial of his claim for attorney's fees, which claim was based upon the provisions of F.S. § 733.106 (1979). We reverse.
Mrs. Lewis, as personal representative, petitioned to revoke the devise to Dr. Rosch on the grounds of undue influence. Substantial litigation followed to include a visit to this court. In Re Estate of Lewis, 411 So.2d 368 (Fla. 4th DCA 1982).
The details of the litigation are not material to our determination of the instant issue. Suffice it to say, Mrs. Lewis ultimately abandoned her suit by obtaining a voluntary dismissal under the terms of Fla. R.Civ.P. 1.420(a).
We do not know why Mrs. Lewis chose to drop her suit and her reasons are not really important. However, it might be reasonably speculated that she became persuaded in light of Dr. Rosch's defense that her assault upon the will was groundless. In any event, Dr. Rosch was successful in maintaining the testamentary devise to himself with the net result being that the *292 terms of the will were upheld even though as a consequence of Mrs. Lewis' discontinuance. We feel that indeed Dr. Rosch was the prevailing party in this will contest upon the same rationale as was expressed in Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976) where there was a voluntary dismissal of a mechanic's lien action which entitled the prevailing party to recover costs and attorney's fees as provided by statute.
The applicable statute here is F.S. 733.106(2) and (3):
"(2) A person nominated as personal representative of the last known will, or any proponent of the will if the person so nominated does not act within a reasonable time, is in good faith justified in offering the will in due form for probate, shall receive his costs and attorney fees out of the estate even though he is unsuccessful.
(3) Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition."
Under this statute, an attorney who has rendered services to an estate may apply for the award of his fees. The statute has been interpreted as requiring that the services benefit the estate. In Re Gleason's Estate, 74 So.2d 360 (Fla. 1954); In Re Estate of Stanton Griffis, 366 So.2d 80 (Fla. 4th DCA 1978); In Re Farris' Estate, 113 So.2d 721 (Fla. 3rd DCA 1959), cert. den., 116 So.2d 775 (Fla. 1959). "Benefit" as used in this context is not restricted to services that bring about an enhancement in value or an increase in the assets of the estate, but also includes services that are successful in simply effectuating the testamentary intention set forth in the will. Samuels v. Estate of Lucia S. Ahern, 436 So.2d 1096 (Fla. 4th DCA 1983).
In our opinion, the services rendered by Dr. Rosch's attorney benefitted the estate in that by successfully resisting Mrs. Lewis' attack upon the will, the testamentary intention set forth in the will was effectuated. We do not think that it matters that the suit was voluntarily dismissed as opposed to an adjudication upon the merits. It can be realistically postured, as an instance, that if Dr. Rosch did not defend the will, Mrs. Lewis would have obtained a default and thereby frustrated the decedent's testamentary intention. Moreover, we think it would be an unfortunate anomaly if we were to say that, in light of the statute, someone could attack a will and litigate up and down the court system, causing the defender large expenditures for attorney's fees and then dismiss the action and have the Estate say that it was not benefitted. While it might be usually expected that the personal representative would defend the will, here the personal representative initiated the action which initiation was later held to be improper in In Re Estate of Lewis, supra.
We reverse and remand with instructions to grant Dr. Rosch's claim for attorney's fees per F.S. § 733.106 (1979).
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.

UPON PETITION FOR REHEARING
PER CURIAM.
Appellee, Hertha M. Lewis, asks for rehearing because this Court's opinion did not mention or distinguish Campbell v. Maze, 307 So.2d 234 (Fla. 4th DCA 1975), affirmed, 339 So.2d 202 (Fla. 1976), a case upon which appellee relied. We fully considered the case in making our determination and felt that it was obviously inapplicable, a view we still hold. However, its lack of applicability must not have been sufficiently obvious as attested by the content of the Petition For Rehearing. We oblige by now discussing it.
The holding expressly approved by the Supreme Court in Campbell v. Maze, supra, was adopted from the dissent in Royal-Globe Insurance Companies v. Indian *293 River Gas Company, 281 So.2d 380, 381 (Fla. 1st DCA 1973), as follows:
"It has long been the law of Florida that except where attorney's fees may be allowed in equity from a specific fund or property which may be lawfully charged with their payment, attorney's fees may not be recovered except when specifically authorized by statute or by agreement of the parties... ." (Footnote Omitted.) [Emphasis supplied.]
To distinguish Campbell v. Maze, supra, we note that it was a personal injury action with no statute authorizing payment of attorney's fees, while the instant case is an estate case where attorney's fees are provided by statute.
Thus, the instant case fits the exception provided in Campbell v. Maze, supra, "except when specifically authorized by statute," with the result being that Dr. Rosch was entitled to an award of attorney's fees.
Having addressed the Petition For Rehearing, it is
DENIED.
DOWNEY, BERANEK and WALDEN, JJ., concur.