489 So.2d 868 (1986)
Esther SEGAL, Bernard Mazie, Fred Mazie, Miriam Beckman, Norman Mazie, and Bennett Mazie, Appellants,
v.
I. Stanley LEVINE, As Trustee under the Last Will and Testament of Sidney Lefkowitz, Deceased, and David D. Phillips, Appellees.
No. 85-2036.
District Court of Appeal of Florida, Third District.
June 10, 1986.
Cohen, Berke, Bernstein & Kondell and Jeffrey Cohen, Miami, for appellants.
Blank, Rome, Comisky & McCauley and Nancy J. Cliff, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
PER CURIAM.
Appellants, nieces and nephews of the decedent's wife, appeal the trial court's denial of their petition for attorney's fees and costs to be taxed against the decedent's estate. We reverse.
The decedent left a will which contained three ambiguous provisions. Because the *869 trustee was not sure how the assets should be distributed, he filed a petition for declaratory relief, seeking to have the court determine the proper distribution. Various groups of relatives responded to the petition. The trustee and the different groups of respondents took diverse positions on the proper construction of the ambiguous provisions. The court's interpretation of the will was a composite of the different views advanced by the parties and adopted no one's position totally. It adopted appellants' construction of the will as to one of the ambiguities. Although the other respondents and the trustee of the estate were awarded attorney's fees, appellants were not.
Under Florida law, "[a]ny attorney who has rendered services to an estate" may recover fees and costs from the estate. § 733.106(3), Fla. Stat. (1985). An attorney renders services to an estate by bringing about an enhancement in value or an increase in the assets of the estate. An attorney also benefits ("renders services to") an estate if, by his actions, the intent of the decedent is established and his estate properly divided. In re Estate of Lewis, 442 So.2d 290 (Fla.4th DCA 1983); In re Estate of Barret, 137 So.2d 587 (Fla.1st DCA 1962); In re Estate of Farris, 113 So.2d 721 (Fla.3d DCA), cert. denied, 116 So.2d 775 (Fla. 1959).
Because the will contained several ambiguities, the decedent's wishes were unclear. All the respondents came into court to offer their view of the proper construction of the will. As did the other respondents, the appellants helped to effectuate the intent of the decedent, and, therefore, attorney's fees should have been awarded to them as well.
Reversed and remanded.