549 So.2d 210 (1989)
In re ESTATE OF Goldie SIMON.
Bernard GASTEL, Individually and As Co-Personal Representative of the Estate of Goldie Simon, Appellant,
v.
LEVIN & FISHMAN, P.A., Irwin Bertman, et al., Appellees.
No. 88-2654.
District Court of Appeal of Florida, Third District.
August 22, 1989.
Rehearing Denied October 13, 1989.
Steel Hector Davis Burns & Middleton, and Robert W. Goldman, and Sue Ann Hochberg, West Palm Beach, for appellant.
Stanton G. Levin, Miami, Richard H.W. Maloy, Key Biscayne, for appellees.
*211 Before HUBBART, LEVY and GERSTEN, JJ.
PER CURIAM.
This is an appeal from a final order awarding attorney's fees. The award was based on section 733.609, Florida Statutes (1987) and section 733.106(3), Florida Statutes (1987). We reverse and remand.
In 1981, appellant, Bernard Gastel, was appointed personal representative of the estate of Goldie Simon, deceased. Beneficiaries of Goldie Simon included Barbara Bertman and Beverly Clark. Thereafter, Barbara Bertman died and her estate was substituted for her. Appellees, Levin & Fishman, P.A., represented appellees Barbara Clark and the estate of Barbara Bertman.
In 1984, appellees brought a petition to remove Gastel as personal representative. Appellees' petition alleged, inter alia, that Gastel had failed to timely file an inventory, failed to file an inventory, failed to file a supplementary inventory, failed to exercise the standard of care required of a personal representative, and failed to proceed expeditiously with the settlement of the estate.
The trial court denied appellees' petition to remove Gastel as personal representative. Instead, the trial court appointed a co-personal representative, Fred Kucker, to assist Gastel in closing the estate.
On December 31, 1985, Kucker, as co-personal representative filed his final accounting. Appellees filed objections to the final accounting, and, on January 27, 1986, filed a petition to surcharge Gastel.
A number of the allegations of appellees' petition for surcharge were virtually identical to the ones in appellees' previous petition for removal. Appellees again alleged that Gastel had failed to timely file an inventory, failed to file a supplementary inventory, failed to exercise the standard of care required of a personal representative, and failed to proceed expeditiously with the settlement of the estate. In addition, appellees alleged Gastel had failed to timely file state and federal tax returns, which resulted in the estate having to pay interest and penalties.
At trial on appellees' petition for surcharge, Gastel admitted to liability for damages for failure to timely file the tax returns. Subsequently, appellees prevailed in their petition for surcharge on their claim for damages on the late-filed tax returns, but did not prevail on their other claims against Gastel. The court determined that Gastel owed the estate $4,522.00.
In 1987, appellees filed a two-count petition for attorney's fees. Count I of the petition was a claim for attorney's fees under section 733.609, Florida Statutes. Count II of the petition was a claim for attorney's fees under section 733.106(3), Florida Statutes.
On October 14, 1988, the trial court entered an order awarding attorney's fees to appellees under counts I and II of their petition for attorney's fees. The court awarded Levin & Fishman attorney's fees of $75,300.00, one-half against Gastel and one-half against the estate.
The court based the attorney's fee awarded against Gastel on the services Levin & Fishman rendered relative to the petition to remove Gastel as personal representative and the petition to surcharge Gastel. The court based the attorney's fee award against the estate on the objection appellees raised to the final accounting. In addition, the court found that appellees' objections to accounting and various attorney's fees resulted in a benefit to the estate. Moreover, the court found that appellees' appeal, of an attorney's fee award, was of benefit to the estate. See Clark v. Squire, Sanders & Dempsey, 495 So.2d 264 (Fla. 3d DCA 1986).
Gastel contends appellees are not entitled to attorney's fees under section 733.609, Florida Statutes or section 733.106(3), Florida Statutes. Gastel further argues that assuming arguendo, appellees are entitled to attorney's fees under the above statutes, the fee award must be reversed because it is excessive. Appellees claim that attorney's fees were properly awarded pursuant *212 to section 733.609, Florida Statutes, and section 733.106(3), Florida Statutes.

I.
We will consider the issues raised seriatim. Gastel first contends appellees are not entitled to attorney's fees under section 733.609, Florida Statutes. Section 733.609 Florida Statutes, provides:
If the exercise of power concerning the estate is improper or in bad faith, the personal representative is liable to interested persons for damage or loss resulting from a breach of his fiduciary duty to the same extent as a trustee of an express trust. In all actions challenging the proper exercise of a personal representative's powers, the court shall award taxable costs as in chancery actions, including attorney's fees.
Under the statute, a person claiming damages for breach of fiduciary duty or improper exercise of power by the personal representative, may be entitled to recover attorney's fees and costs incurred "as in chancery actions." § 733.609, Fla. Stat. (1987). In chancery or equity actions, the well-settled rule is that "costs follow the judgment unless there are circumstances that render application of this rule unjust." Burnett v. Brito, 478 So.2d 845, 848 (Fla. 3d DCA 1985); Calder Race Course, Inc. v. Gaitan, 430 So.2d 975 (Fla. 3d DCA 1983); see Dayton v. Conger, 448 So.2d 609 (Fla. 3d DCA 1984).
Gastel suggests that this, in essence, is a "prevailing party" provision. Gastel argues that appellees are not entitled to attorney's fees under this statute because appellees did not prevail in their petitions to remove and surcharge him. According to Gastel, appellees did not prevail in their petitions to remove him as personal representative because the trial court denied appellees' removal petition and instead, the court, sua sponte, appointed a co-personal representative. Gastel asserts that appellees did not prevail in their surcharge action because all of appellees' claims were denied except one claim on which Gastel had admitted liability.
Appellees prevailed on only one claim against Gastel. This was on appellees' claim for Gastel's failure to timely file tax returns. Accordingly, appellees were entitled to attorney's fees generated only in connection with that one claim. Appellees were not entitled to attorney's fees generated against Gastel, as the trial court concluded, for services rendered in connection with their petition to remove Gastel or for services rendered in connection with the other claims raised against Gastel in their petition to surcharge, on which claims appellees did not prevail. See Folta v. Bolton, 493 So.2d 440 (Fla. 1986); Kirou v. Oceanside Plaza Condominium Association, Inc., 425 So.2d 650 (Fla. 3d DCA 1983); Zaremba Florida Company v. Klinger, 550 So.2d 1131 (Fla. 3d DCA 1989).
We conclude the trial court did not abuse its discretion in awarding attorney's fees against Gastel under section 733.609, Florida Statutes. We rule, however, that the trial court did err in determining the amount of attorney's fees to be awarded against Gastel. The trial court is directed upon its redetermination of the award, to award attorney's fees under section 733.609, Florida Statutes, only with respect to the claim under the petition for surcharge, on which appellees did prevail.

II.
Gastel next contends appellees are not entitled to attorney's fees under section 733.106(3), Florida Statutes. Section 733.106(3), Florida Statutes, provides in part, "any attorney who has rendered services to the estate may apply for an order awarding attorney's fees." This provision has been construed to permit the recovery of attorney's fees when the estate has benefited by the services of counsel. In re Gleason's Estate, 74 So.2d 360 (Fla. 1954); Segal v. Levine, 489 So.2d 868 (Fla. 3d DCA 1986); In re Estate of Freedman, 340 So.2d 1275 (Fla. 3d DCA 1977).
Gastel contends that appellees are not entitled to attorney's fees under section 733.106(3), Florida Statutes, because appellees' actions tended to break down and *213 dissipate the estate, rather than benefit it. According to Gastel, there was no evidence of a net enhancement in value or increase in assets of the estate. The trial court determined that appellees had rendered services that were of benefit to the estate and delineated those services in its order awarding attorney's fees.
Having reviewed the record, we find the trial court abused its discretion in awarding attorney's fees to Levin & Fishman. We conclude that appellees' actions were not of benefit but of detriment to the estate in that they caused prolonged litigation and delay in administration. We agree with Gastel that there was no evidence in the record of a net enhancement in value or increase in assets of the estate so as to justify an attorney's fee award under this statute. Appellees' suggestion that the services of Levin & Fishman were of benefit to the estate because such services led to the discovery of the decedent's testamentary intent, is unsupported by the evidence.
The Florida Supreme Court has stated, "if the services tend to break down, subtract from or dissipate the estate [the attorney] cannot be compensated from it." In re Gleason's Estate, 74 So.2d at 362. The purpose behind this rule was enunciated by this court in In re Estate of Farris, 113 So.2d 721, 722 (Fla. 3d DCA), cert. denied, 116 So.2d 775 (Fla. 1959), which stated, "county judges should exercise great care in granting an allowance of attorney's fees in actions precipitated by [someone other] than the personal representative. Otherwise, litigation in estates will actually be encouraged and the result will be increased costs in the settlement of estates." Since we have ruled that the estate was not benefited by Levin & Fishman's services, the attorney's fee award against the estate under this statute is reversed.
Having found no entitlement to attorney's fees awarded under section 733.106(3), Florida Statutes, and having sent back the cause for a redetermination of the attorney's fees awarded under section 733.609, Florida Statutes, we do not find it necessary to address the other issues raised by Gastel on appeal. We note that on remand, the trial court's determination of the amount of attorney's fees to be awarded Levin & Fishman is necessarily limited by the holding of the Florida Supreme Court in Perez-Borroto v. Brea, 544 So.2d 1022 (Fla. 1989) (citing Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985)). In Perez-Borroto, the court held that a trial court is limited by the non-contingent arrangement between attorney and client where the trial court applies the principles set forth in Rowe.
Accordingly, the attorney's fees awarded against the estate under section 733.106(3), Florida Statutes, is reversed; and the attorney's fees awarded against Gastel under section 733.609, Florida Statutes, is reversed and remanded.