PER CURIAM.
Jeanne Bonney’s sister sued to remove Jeanne as the co-personal representative of their aunt’s estate and also sought damages for the misappropriation of funds.[1] Jeanne filed a third party complaint against her brother for conversion and unjust enrichment regarding funds taken from their aunt’s bank account. She later voluntarily dismissed this third party complaint. The trial court awarded the brother attorney’s fees against Jeanne under sections 733.609 and 733.106(3), Florida Statutes (2010). We reverse. Section 733.609 is inapplicable since the third party complaint was not an action “for breach *703 of fiduciary duty or challenging the exercise of or failure to exercise a personal representative’s powers.” § 733.609(1), Fla. Stat. (2010). Section 733.106(3) is not implicated because the brother’s attorney did not render “services to an estate” within the meaning of the statute. The trial judge relied on Estate of Lewis, 442 So.2d 290 (Fla. 4th DCA 1983), to bring this case under the statute, but Lewis is distinguishable. The thrust of Lewis is that a benefit to the estate can arise when an attorney’s services have the effect of preserving the testamentary intention of the will. No such benefit to the estate arose in this case, where the brother’s attorney was defending against ancillary claims of unjust enrichment. For these reasons, we reverse the awards of attorney’s fees in the two final orders entered on October 6, 2010. We affirm the award of $5,381.25 in taxable costs.

Affirmed in part, reversed in part and remanded.

GROSS, HAZOURI and CONNER, JJ, concur.

. By a separate opinion, we have affirmed the final judgment rendered against Jeanne Bon-ney in that portion of the case.